# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAMION SMITH,

        Petitioner,    :    Case No. 1:14-cv-803

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 18) to the Report and Recommendations (the "Report," ECF No. 16) recommending dismissal of the Petition. Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 19).

Petitioner stands convicted and imprisoned for an armed robbery he claims he did not commit. He pled seven grounds for relief in the Petition and those grounds are separately analyzed in the Report. Petitioner's Objections are not organized around his grounds for relief, but instead make one extended argument about his identification as the gunman.

1

**Ground One:  Insufficient Evidence**

In his First Ground for Relief, Smith claims there is insufficient evidence to convict him. He does not quarrel with the Report's identification of *Jackson v. Virginia*, 443 U.S. 307 (1979), as providing the relevant constitutional standard.  *Jackson* provides:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

443 U.S. at 319.  After adoption of the AEDPA, state court findings of sufficiency are entitled to double deference, first to the jury's determination and then to the state appellate court's determination.  *Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062, (2012)(per curiam).

The First District Court of Appeals' opinion recites the facts and the Report quotes them at length (Report, ECF No. 16, PageID 1152-54).  Petitioner apparently[1] does not dispute that court's findings that David Molloy[2] was robbed at gunpoint in a parking lot adjacent to his residence by masked gunman who took his wallet including a debit card.  As the First District found "Smith's car was visible in surveillance video taken at two of the establishments when Molloy's card was used" the same night as the robbery.  Smith offers no explanation of that set

---

[1] In his Petition, Smith concedes the fact of the robbery, but in his Objections he speaks of an alleged robbery (ECF No. 18, PageID 1172).
[2] Smith persistently refers to the victim as "Mallory," but the First District's opinion identifies him as "David Molloy."

2

of facts. The First District also found that Smith signed as receipt at a third establishment for a purchase made with the debit card the same night. Smith's explanation for this "coincidence" is that he got the card from his uncle who got the card in a drug deal from a dealer named "Mark."

The jury was, of course, completely free to disbelieve the uncle's testimony and the prosecutor was free, without violating any constitutional proprieties, to label the story incredible. Once the jury had discarded the uncle's testimony, it was not illogical to infer that, since Smith used a stolen debit card or was present when it was used within hours of the robbery, that Smith had taken the card in the robbery.

Coupled with this circumstantial evidence, the jury had the victim's identification testimony. Smith offers many arguments in his Objections, some of them repeated many times, about why the identification should not have been accepted by the jury: the victim gave a very vague description when first asked by police, it was a stranger robbery, a gun was used so that the victim's focus might easily have been on the gun instead of on his assailant, the time of encounter during the robbery was short, the gunman was masked, the victim's reliance on identification principally from seeing the gunman's eyes is questionable, and so forth. All of these are perfectly valid points to raise in cross-examination and in final argument. Perhaps if the trial judges, the appellate judges, or the federal judges assigned to this case had been on the jury, we would not have accepted the victim's testimony. But the credibility of witnesses is a jury question. A rational trier of fact, having heard the victim's testimony and the testimony of Smith's relation to the stolen card on the same day, could reasonably have found Smith to be the perpetrator.

**Ground Two:  Failure to Suppress Unreliable Eyewitness Identification**

In his Second Ground for Relief, Petitioner claims Molloy's identification of him should have been suppressed because it was unconstitutionally unreliable based on the totality of the circumstances.  The First District decided this claim on the merits and Report concluded that decision was not an objectively unreasonable application of Supreme Court precedent (Report, ECF No. 16, PageID 1156-58).

Any person accused of a crime who is subjected to identification by an eyewitness wants to do what he or she can to undermine that identification.  Direct testimony by an eyewitness, particularly a victim, is usually very persuasive to a jury, so defense counsel will typically cross-examine an eyewitness vigorously about all of the factors that are known to influence eyewitness identification.

That cross-examination must usually be done in front of a trial jury which has already heard the damaging testimony.  Unlike the legal regime for pre-trial suppression of evidence allegedly taken in violation of the Fourth Amendment, which must occur outside the jury's presence, pretrial screening of eyewitness testimony for reliability is required only when the police have arranged suggestive circumstances which lead to the identification.  *Perry v. New Hampshire*, 565 U.S. ___, 132 S. Ct. 716, 181 L. Ed. 2d 694 (2012).  As the First District held, Smith's request for suppression failed at this threshold level, because he did not show that Molloy's initial identification of Smith in a photo lineup was impermissibly suggestive.  The leading Supreme Court cases on the point, *Neil v. Biggers*, 409 U.S. 188 (1972), and *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977), only require suppression of unreliable eyewitness

4

identification that is the product of impermissibly suggestive police procedure.  The First District found the photo lineup was conducted by a blind administrator, an accepted "best practice" in avoiding misidentification.  Petitioner does not point to any other facts in the record which would have made the photo lineup impermissibly suggestive.

Smith's whole argument on this point in the Objections is that the jury should not have believed Molloy's identification.  But they did, and this Court cannot substitute its evaluation of the credibility of that testimony for the jury's.

**Exhibit A**

Repeatedly in his Objections, Smith argues this Court must consider the police report of their initial interview with Molloy in deciding this habeas corpus case.  That report is labeled Exhibit A as it is attached to the Objections (ECF No. 18, PageID 1192).  A somewhat more legible copy of that document, also labeled Exhibit A, is attached to the Petition (ECF No. 5-1, PageID 139).

The significance of Exhibit A as argued by Petitioner is that it shows how vague a description of his attacker Molloy gave when first being interviewed by the police.  Exhibit A gives the patrol officer's opinion that the case likely cannot be solved because the victim is unable to identify his assailant.[3]

The Report held this Court could not consider Exhibit A because a habeas court cannot

---

[3] A portion of Exhibit A that Smith does not emphasize reads "Victim is very fearful for his safety because this happened in the parking lot on the southwest corner of Colonial Ridge Court/Montgomery Road just up from his house.  Victim did not even want police cruiser to respond to his house, instead coming to District.  Suspect came out of 5722 Montgomery Rd. apt complex before the robbery."

consider post-trial evidence in deciding a sufficiency of the evidence claim (ECF No. 16, PageID 1154, citing *McDaniel v. Brown*, 558 U.S. 120 (2010)). Even more preclusive is the Supreme Court's decision the year after *McDaniel* in *Cullen v. Pinholster,* 563 U.S. 170 (2011), where the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record. . .", cited in the Report at PageID 1155.

Petitioner claims *McDaniel* and *Pinholster* do not apply here because Exhibit A is not new evidence in that it was shown to defense counsel at the suppression hearing and to Detective Kinney, the lead investigator, at both the suppression hearing and trial (Objections, ECF No. 18, PageID 1182). Smith gives no citations to the record where Exhibit A is supposedly introduced. *Id.* The transcript of the suppression hearing is at ECF No. 11-1, PageID 302, et seq. The exhibits identified and admitted at that hearing are a Notification of Rights form and a Witness Preparation Form for a Blind Administrator and six accompanying photos; no mention is made of Exhibit A. *Id.* at PageID 303. The trial transcript is in the record at ECF No. 11-2, PageID 362 et seq. The trial exhibits are identified at PageID 365-66 and do not include Exhibit A. So far as this Court can determine, Exhibit A was never admitted in evidence.

Smith claims his defense counsel "clearly PROFFERED to Exhibit A. See I.D. 164-67." At the cited pages, defense counsel Spaulding referred to some of the content of Exhibit A without referring to the police report itself and without attaching a copy (Motion to Suppress, State Court Record, ECF No. 11, PageID 164, et seq.). Smith in fact admits Spaulding did not attach a copy and accuses him of ineffective assistance of trial counsel in that respect (Objections, ECF No. 18, PageID 1186).

6

Smith argues that Exhibit A is not "new" evidence. In the sense that it was known about by both the prosecutor and the defense before trial, that is clearly true. But because it was never introduced in evidence, it was not part of what the jury considered, it was not part of what the trial judge considered in denying any motion for acquittal, and it was not part of what the First District Court of Appeals considered. Because it was not part of what was considered in deciding Smith is guilty, it is not part of what this Court can consider in deciding whether there was sufficient evidence.

In insisting Exhibit A should have been introduced in evidence, Smith fails to appreciate that Exhibit A is pure hearsay – an out-of-court statement by Police Officer Burroughs which Smith says should have been offered in court to prove the truth of its contents.

Even if Exhibit A could be considered, it has nowhere near the probative value Smith attributes to it because Molloy was or could have been thoroughly cross-examined about its contents.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again concludes the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and

therefore should not be permitted to proceed *in forma pauperis*.

December 7, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).