UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Damion Smith,

        Petitioner,

        Case No.: 1:14-cv-803

v.

        Judge Michael R. Barrett

Warden, Chillicothe Correctional
Institution,

        Respondent.

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's October 7, 2015 Report and Recommendations ("R&R") (Doc. 16) and December 7, 2015 Supplemental R&R (Doc. 20).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed Objections to the R&R (Doc. 18) and the Supplemental R&R (Doc. 20).

For the reasons stated below, the Court OVERRULES Petitioner's Objections to the Magistrate Judge's October 7, 2015 R&R and December 7, 2015 Supplemental R&R.

I. **BACKGROUND**

The factual and procedural history of this case is described in the Magistrate's October 7, 2015 R&R (Doc. 16) and the Magistrate Judge's December 7, 2015

Supplemental R&R (Doc. 20), and the same will not be repeated except to the extent necessary to address Petitioner's objections.

This matter arises out of Petitioner's *pro se* habeas action brought pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions in the Hamilton County Common Pleas Court on charges of aggravated robbery and robbery with a firearm specification.

Petitioner has set forth seven grounds for relief in his Petition. The Magistrate Judge recommends denying relief on all seven grounds and dismissing the Petition with prejudice.

## II. **ANALYSIS**

### A. **Standard of Review**

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. **Ground One**

In Ground One, Petitioner claims that his conviction is against the manifest weight of the evidence and is not supported by sufficient evidence. The Magistrate Judge explained that on habeas review, this Court must defer to the jury's credibility

decision and the appellate court's assessment of the evidence. The Magistrate Judge concluded in the R&R and the Supplemental R&R that Petitioner's first ground for relief was without merit.

As the Magistrate Judge explained, Petitioner does not dispute the First District Court of Appeals' factual finding that the victim, David Molloy, was robbed at gunpoint by a man wearing a ninja-style mask. Petitioner also does not dispute that shortly after the robbery, Molloy's debit card was used for purchases at several establishments. Finally, Petitioner does not dispute that his car was visible in surveillance video taken at two of the establishments when Molloy's debit card was used, or that he signed a receipt at a third establishment where the card was used. Instead, Petitioner argues that the videos do not show who is driving his car. Petitioner also points to the testimony of his uncle, who testified at trial that he received Molloy's debit card as part of a drug deal and gave it to Petitioner. Petitioner explains that his uncle even testified as to the name of this person, but despite this testimony at trial, the police did not investigate this claim.

As the United States Supreme Court has explained:

> The opinion of the Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable." *Renico v. Lett*, 559 U.S. ——, ——, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (internal quotation marks omitted).

*Cavazos v. Smith*, 565 U.S. 1, 2, 132 S. Ct. 2, 3-4, 181 L. Ed. 2d 311 (2011) (per curiam). In applying this analysis, the Magistrate Judge explained:

> The jury was, of course completely free to disbelieve the uncle's testimony and the prosecutor was free, without violating any constitutional proprieties, to label the story incredible. Once the jury had discarded the uncle's testimony, it was not illogical to infer that, since Smith used a stolen credit card or was present when it was used within hours of the robbery, that Smith had taken the card in the robbery.

(PAGEID # 1196). The Magistrate Judge concluded that when this circumstantial evidence was coupled with Molloy's identification testimony, a rational trier of fact could reasonably have found Petitioner was the perpetrator of the robbery. The Court finds no error in this conclusion, and therefore, Petitioner's objections to the dismissal of Ground One are OVERRULED.

### C. Ground Two

In Ground Two, Petitioner claims the eyewitness identification made by the victim through a photo lineup should have been suppressed. Petitioner argues that at the time of the robbery, the Molloy was unable to give a description of his attacker other than his height, weight, eye color, and that he was wearing a mask. Petitioner points out that the only way Molloy could have identified him nineteen days later is if the detective assigned to the case showed Molloy a photo of Petitioner before the lineup. The Magistrate Judge explained that the proper inquiry is whether the police-conducted identification procedure is impermissibly suggestive. The Magistrate Judge concluded that Petitioner had not shown that the photo lineup itself was impermissibly suggestive.

Petitioner argues that the proper analysis of this claim is the totality of circumstances approach, and cites the five factors used to determine reliability of identification. Petitioner argues that the victim's description lacked any accuracy or

4

consistency. Petitioner points out that a few hours after the robbery Molloy could not identify the attacker, but during the photo lineup, he identified Petitioner with eighty percent certainty. Petitioner argues that Molloy's identification was not reliable because he testified that he only saw the attacker's eyes for a "crazy five seconds."

Petitioner is correct in arguing that the factors identified by the Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) apply in determining whether an eyewitness identification should be suppressed as a violation of a defendant's due process rights. However, those factors are part of a two-part test. First, the court must consider whether the identification procedure was "both suggestive and unnecessary." *Perry v. New Hampshire*, 565 U.S. 228, 239, 132 S.Ct. 716, 181 L.Ed.2d 694 (2012). If so, the court then assesses "on a case-by-case basis, whether improper police conduct created a 'substantial likelihood of misidentification.'" *Id.* (quoting *Neil v. Biggers*, 409 U.S. 188, 201, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). In other words, the court must determine "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." *Biggers*, 409 U.S. at 199, 93 S.Ct. 375.[1]

---

[1]To illustrate how this analysis applies with a specific example:

> the Supreme Court has specifically recognized that the display of a single photograph to a witness creates a danger of misidentification. *Simmons v. United States*, 390 U.S. 377, 383, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Although identifications based on single-photograph displays are not automatically excluded, they "may be viewed in general with suspicion," and merit moving to the second step: analysis of the *Biggers* factors.

*Erkins v. Chuvalas*, 684 F. App'x 493, 497 (6th Cir. 2017).

5

As the Magistrate Judge explained, the First District Court of Appeals held that Petitioner failed to show that the initial identification of Petitioner in a photo lineup was impermissibly suggestive. Specifically, the First District noted that:

> Smith's photograph was made a part of a photo lineup shown to Molloy by a blind administrator. Molloy identified Smith as his assailant, with 80% certainty based on Smith's eyes, head shape, and skin tone, which he was trained to focus on as part of his job as a sculptor of facial prosthetics for actors.

(Doc. 11, PAGEID #220-221). The Magistrate Judge explained that Petitioner has not identified any other facts in the record which would establish that the photo lineup was impermissibly suggestive, and therefore, it is not necessary for the Court to move to the second step of the analysis and apply the *Biggers* factors. The Court finds no error in the Magistrate Judge's conclusion.

The Magistrate Judge also rejected Petitioner's argument that this Court should consider Exhibit A, which is a police report of the initial interview with the victim. (See Doc. 5-1, PAGEID #139). Petitioner maintains that the report shows that the victim was unable to identify his attacker and made no mention of a gun. Petitioner also points out that in Exhibit A, the police officer making the report stated that the case cannot likely be solved because the victim is unable to identify the attacker. Petitioner claims that Exhibit A shows that Molloy was coached to testify falsely. However, the Magistrate Judge explained that this Court cannot consider post-trial evidence.

Petitioner responds that Exhibit A is not "new" evidence, and his attorney proffered the document at his suppression hearing and at trial. The Magistrate Judge explained that Exhibit A is "new" evidence in so far that Exhibit A was not introduced at the suppression hearing or at trial. (See Doc. 20, PAGEID #1199). As the Magistrate

6

Judge explained, according to *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011), a federal court reviewing a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to a "review of the state court record." This limitation has explained by the Sixth Circuit as follows:

> *Pinholster* held that "evidence introduced in federal court has no bearing on [28 U.S.C.] § 2254(d)(1) review"—that is, on whether a state court's adjudication of a claim was contrary to or involved an unreasonable application of clearly established federal law. *Id.* at 1400. Instead, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*; *see Moore v. Mitchell*, 708 F.3d 760, 780 (6th Cir.), *cert. denied*, ––– U.S. –––, 134 S.Ct. 693, 187 L.Ed.2d 559 (2013).

*Harris v. Haeberlin*, 752 F.3d 1054, 1057 (6th Cir. 2014). Here, the Magistrate Judge has reviewed the record that was before the state court, and while defense counsel made some references to the content of Exhibit A during the hearing on the motion to suppress, Exhibit A itself was not introduced as an exhibit. (Doc. 20, PAGEID #1199). The Court finds no error in the Magistrate Judge's conclusion that this Court cannot consider Exhibit A in its review of Petitioner's habeas claim under § 2254(d)(1). Therefore, Petitioner's objections to the dismissal of Ground Two are OVERRULED.

### D. Ground Three

In Ground Three, Petitioner maintains that his trial attorney provided ineffective assistance of counsel because at trial he failed to present an expert witness on eyewitness identification. The Magistrate Judge noted that because Petitioner did not file a post-conviction petition in the state proceedings, the record did not show that an expert on eyewitness identification was contemplated or what that expert's testimony

7

would have been. Petitioner responds that his first attorney did alert the court that he planned to call an expert witness on eyewitness identification.

As the Magistrate Judge explained, there is no rule that it is *per se* ineffective assistant of trial counsel to fail to call an expert on eyewitness identification. As another federal district court has explained:

> Under Ohio law, defense counsel does not have to hire an expert identification witness. Instead, he may rely on cross-examination and closing arguments to impeach eyewitness testimony. *See State v. Pattin*, No. L–91–339, unreported (Lucas Cty Ct. App. Aug. 7, 1992). Many federal courts have also held that cross-examination of eyewitnesses is a sufficient method of attempting to deal with the issues presented by eyewitness testimony. *See United States v. Christophe*, 833 F.2d 1296, 1300 (9th Cir.1987) (holding that "skillful cross examination of eyewitnesses, coupled with appeals to the experience and common sense of jurors, will sufficiently alert jurors to specific conditions that render a particular eyewitness identification unreliable"); *Hughes v. Hubbard*, 2000 WL 1728113, 2000 U.S.App. LEXIS 297324 (9th Cir. 2000) (holding that "cross examination of witnesses is sufficient to alert jurors to specific conditions that render eyewitness identification unreliable").

*Madrigal v. Bagley*, 276 F. Supp. 2d 744, 791 (N.D. Ohio 2003), *aff'd*, 413 F.3d 548 (6th Cir. 2005). Therefore, even if Petitioner's first attorney did contemplate calling an expert on the issue of eyewitness identification, it was not necessarily ineffective assistance of counsel for his second attorney to rely on cross examination and closing arguments to impeach the testimony of Molloy identifying Petitioner as his attacker. Moreover, as the Magistrate Judge explained, because Petitioner did not file a post-conviction petition, the record is silent as to what an expert witness would have said regarding the reliability of eyewitness identification. Therefore, Petitioner's objections to the dismissal of Ground Three are OVERRULED.

would have been. Petitioner responds that his first attorney did alert the court that he planned to call an expert witness on eyewitness identification.

As the Magistrate Judge explained, there is no rule that it is *per se* ineffective assistant of trial counsel to fail to call an expert on eyewitness identification. As another federal district court has explained:

> Under Ohio law, defense counsel does not have to hire an expert identification witness. Instead, he may rely on cross-examination and closing arguments to impeach eyewitness testimony. *See State v. Pattin*, No. L–91–339, unreported (Lucas Cty Ct. App. Aug. 7, 1992). Many federal courts have also held that cross-examination of eyewitnesses is a sufficient method of attempting to deal with the issues presented by eyewitness testimony. *See United States v. Christophe*, 833 F.2d 1296, 1300 (9th Cir.1987) (holding that "skillful cross examination of eyewitnesses, coupled with appeals to the experience and common sense of jurors, will sufficiently alert jurors to specific conditions that render a particular eyewitness identification unreliable"); *Hughes v. Hubbard*, 2000 WL 1728113, 2000 U.S.App. LEXIS 297324 (9th Cir. 2000) (holding that "cross examination of witnesses is sufficient to alert jurors to specific conditions that render eyewitness identification unreliable").

*Madrigal v. Bagley*, 276 F. Supp. 2d 744, 791 (N.D. Ohio 2003), *aff'd*, 413 F.3d 548 (6th Cir. 2005). Therefore, even if Petitioner's first attorney did contemplate calling an expert on the issue of eyewitness identification, it was not necessarily ineffective assistance of counsel for his second attorney to rely on cross examination and closing arguments to impeach the testimony of Molloy identifying Petitioner as his attacker. Moreover, as the Magistrate Judge explained, because Petitioner did not file a post-conviction petition, the record is silent as to what an expert witness would have said regarding the reliability of eyewitness identification. Therefore, Petitioner's objections to the dismissal of Ground Three are OVERRULED.

**E. Ground Four**

In Ground Four, Petitioner claims that the prosecutor committed misconduct by vouching for the credibility of the victim. Petitioner explains that the prosecutor presented Malloy as an expert witness because the prosecutor explained that Malloy had the ability to construct a human face after just seeing the eyes because his job involves working with make-up and masks. The Magistrate Judge noted that Petitioner raised this argument in the state court as an application for reopening under Ohio Rule of Appellate Procedure 26(B), which preserves claims for ineffective assistance of appellate counsel. The Magistrate Judge concluded that the state court's denial of the application for reopening was not contrary to, or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. The Magistrate Judge reviewed the transcript of the closing argument made by the prosecutor. (Doc. 16, PAGEID # 1164). The Magistrate Judge did not find any instances of vouching, but instead found arguments regarding credibility. The Court finds no error in the Magistrate Judge's conclusion. Therefore, Petitioner's objections to the dismissal of Ground Four are OVERRULED.

**F. Ground Five**

In the Fifth Ground for relief, Petitioner claims his appellate counsel provided ineffective assistance in failing to argue that his trial counsel was ineffective because he did not present evidence that there were other people who used the victim's stolen credit cards and cell phone. However, as the Magistrate Judge explained, the First District Court of Appeals found that this challenge depends upon evidence outside the record, which means that it should have been brought as a post-conviction petition. The

Court finds no error in the Magistrate Judge's conclusion. Therefore, Petitioner's objections to the dismissal of Ground Five are OVERRULED.

### G. Ground Six

In the Sixth Ground for relief, Petitioner claims that his conviction should be vacated because of cumulative error. The Magistrate Judge found that this claim was never presented to the Ohio courts, and therefore it is procedurally defaulted. Petitioner does not specifically object to this conclusion, and therefore the Court need not address the Magistrate Judge's recommendation regarding Ground Six. *See Cole v. Yukins*, 7 Fed.Appx. 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Therefore, any objections to the dismissal of Ground Six are OVERRULED.

### H. Ground Seven

In his Seventh Ground for relief, Petitioner claims that the Ohio Supreme Court violated his constitutional rights by declining to hear his appeal. The Magistrate Judge explained that there is no constitutional right to require the Supreme Court of Ohio to hear a case. Again, Petitioner has not filed a specific objection to the Magistrate Judge's recommendation regarding Ground Seven, and therefore, any objections to the dismissal of Ground Seven are OVERRULED.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's Magistrate Judge's October 7, 2015 Report and Recommendations ("R&R") (Doc. 16) and December 7, 2015 Supplemental R&R (Doc. 20) are **ADOPTED**. Accordingly, it is hereby ORDERED that:

1. Petitioner's Petition (Doc. 5) is **DISMISSED** with **PREJUDICE**;

2. A certificate of appealability is not issued with respect to the claims alleged in Grounds One, Two, Three, Four, Five, and Seven of the petition, which were addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented in those grounds for relief are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. In addition, a certificate of appealability is not issued with respect to the claim alleged in Ground Six of the petition, which this Court has concluded is waived and thus procedurally barred from review, because under the first prong of the two-part standard enunciated in *Slack*, 529 U.S. at 484-85, "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of that test. Nevertheless, assuming that "jurists of reason" could find the procedural ruling debatable, the Court further finds that the second prong of the *Slack* test has not been met because "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim in the defaulted grounds for relief. *See id.* at 484.

4. With respect to any application by petitioner to proceed on appeal in *forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the R&R and Supplemental R&R would not be taken in "good faith" and, therefore, this Court **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

5. This matter shall remain **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

                */s/ Michael R. Barret*
                JUDGE MICHAEL R. BARRETT